IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17- 1232 ) |
| DEFENDANT 1: $119,980.00 IN UNITED STATES CURRENCY, more or less; | ) ) ) ) |
| DEFENDANT 2: $18,300.00 IN UNITED STATES CURRENCY, more or less, | ) ) ) ) ) |
| Defendant. | ) ) |

**COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through its attorneys, Thomas E. Beall, United States Attorney for the District of Kansas, and Sean M.A. Hatfield, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $119,980.00 in United States currency, more or less, and $18,300.00, more or less, (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

**THE DEFENDANT IN REM**

2. The defendant property consists of: $119,980.00 and $18,300.00 in United States currency, more or less, that was seized on April 13, 2017 by the Kansas Highway Patrol during a

routine traffic stop of a vehicle driven by Justin B. McSmith on I-70 at milepost 186 in Russell County, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in the district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7.     Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

THOMAS E. BEALL
United States Attorney

*/s/ Sean M.A. Hatfield*

SEAN M.A. HATFIELD
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
KS S. CT No. 24098
sean.hatfield@usdoj.gov

## DECLARATION

I, Douglas W. Carr, am a Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of September, 2017.

_____
TFO Douglas W. Carr
DEA

## AFFIDAVIT

I, Douglas W. Carr, being first duly sworn, depose and state:

1. Your Affiant has been employed as a Kansas Highway Patrol (KHP) Trooper for 18 years and has been cross-designated as a DEA Task Force Officer for over one year. My duties include investigation of violations of the Controlled Substance Act, title 21 of the United States Code and the forfeitures thereto.

2. The information contained in this affidavit is known to your Affiant through personal direct knowledge, and/or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a civil forfeiture proceeding.

3. On April 13, 2017, Kansas Highway Patrol Trooper Jerrad Goheen stopped for speeding and lingering in the left lane a rented 2017 Ford F150 pick up on I-70 at mile marker 186 in Russell County in the District of Kansas. The driver was Justin McSmith and his passenger was James Pearson. They said that they were going to Colorado for a two week vacation snowboarding. The vehicle was rented on April 10, 2017 in Hampton, Virginia and was to be returned to Hampton on April 17, 2017.

4. Due to the odor of marijuana coming from the car, the car was searched. Officers located $119,980.00 in U.S. currency wrapped in rubber bands inside the bottom of a suitcase, $18,300.00 in U.S. currency in a locked safe, and four empty suitcases with the odor of marijuana coming from them.

5. Pearson told officers that he was a frequent user of marijuana, claimed the $119,980.00 and stated that they were going to purchase a house in Denver or Colorado Springs,

Colorado. Pearson said that had never bought a house before, had no particular house in mind, and was unaware of how much a house in Colorado might cost.

6. McSmith told officers that he was unemployed, had no permanent address and then declined to respond to other questions. During the search, McSmith did tell officers that the safe and the $18,300.00 in the safe belonged to him and provided officers the key to the safe.

7. Based on the information set out above, Affiant has probable cause to believe that the $119,980.00 and the $18,300.00 (total $138,280.00) seized in this investigation constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substances, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et.seq. Accordingly, the seized $138,280.00 is subject to forfeiture pursuant to 21 U.S.C. §853 and 21 U.S.C. §881.

Douglas W. Carr, TFO
DEA

Sworn to and subscribed by me this 6th day of September, 2017.

NOTARY

BRIAN L. RAUB
NOTARY PUBLIC
STATE OF KANSAS
My App. Exp. 06-01-2021